# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
October 14, 2003 Session

## STATE OF TENNESSEE v. KIMBERLY JEANNINE COX

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40200158      Michael Jones, Judge**

---

**No. M2002-01849-CCA-R3-CD - Filed April 27, 2004**

---

Hayes, David G., Judge, dissenting

I am unable to join with my colleagues in concluding that the defendant's consent "was obtained during a period of lawful detention." Finding the search unreasonable under Fourth Amendment protections, I would suppress the evidence.

At the suppression hearing, the officer testified that he stopped the vehicle "for failure to use a turn signal" and, after finding a marijuana flake and seed in the floorboard, questioned the defendant as follows:

A. I asked [the defendant] where she was coming from. She told me she was coming from the Travel Inn. I asked her where she was going to in Sunnydale. She said she had a trailer there. I asked her if she had a trailer why would she, you know, stay in a room. She said there was a lot of commotion going on at her trailer that night so her and her boyfriend just got a room up at the Travel Inn.

Q. Well, what did you decide to do once you realized she had a room at the Travel Inn?

A. I asked [the defendant] if there were any drugs or weapons in the room; and she said - - she said no. And I asked [the defendant] if she would mind if we went up there and - - to make sure there was no drugs or weapons in the room.

Q. And how did she answer that question?

A. She said - - she said okay. She gave consent.

Following the above questions, the officer testified that, at that point, he had decided not to charge the defendant with any offense and had advised her of that fact. He then returned the defendant's driver license and followed her to the motel.

It is without dispute that, when police stop a moving vehicle, a seizure implicating the protection of the Fourth Amendment of the Federal Constitution and Article I, section 7 of the Tennessee Constitution has occurred. *See State v. Garcia*, 123 S.W.3d 335, 343 (Tenn. 2003). "An ordinary traffic stop . . . is more akin to an investigative detention rather than a custodial arrest, and the principles announced in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968), apply to define the scope of reasonable police conduct." *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999) (citing *United States v. Palomino,* 100 F.3d 446, 449 (6th Cir. 1996)).

In *Terry v. Ohio*, the Supreme Court adopted a two-pronged inquiry for evaluating the reasonableness of an investigative stop. Under this approach, we examine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. " *United States v. Sharpe*, 470 U.S. 675, 682, 105 S. Ct. 1568, 1573 (1985) (citing *Terry v. Ohio*, 392 U.S. at 20, 88 S. Ct. at1879). With regard to the first prong of the inquiry, the defendant does not contest the legality of the initial traffic stop. With regard to the second prong, questioning by the officer during the defendant's extended period of detention yielded no information that the defendant was involved in criminal activity. Indeed, the proof fails to establish any reasonable or articulable suspicion that the defendant was engaged in drug trafficking or that any kind of criminal activity was afoot. The facts developed at the scene establish no nexus to a motel room approximately one-quarter of a mile away. Clearly, the expectation of privacy in an automobile, due to the automobile's ready mobility, is distinctly different from the expectation of privacy within a home. *Rakas v. Illinois*, 439 U.S. 128, 148, 99 S. Ct. 421, 433 (1978).

The testimony of the officer establishes that, at the time the defendant consented to the search, the purpose for the stop had been served and the defendant should have been free to leave. Under the holding of *State v. Daniel*, the defendant, however, remained seized until the return of her driver license. *See State v. Daniel*, 12 S.W.3d 420 (Tenn. 2000). Thus, the defendant's detention, which extended beyond the valid reason for the stop, violated her Fourth Amendment right to be free from unlawful seizure. "To hold otherwise would endorse police seizures that are not limited to the scope of the officer's reasonable suspicion and that extend beyond a reasonable duration." *United States v. Dortch*, 199 F.3d 193, 199-200 (5th Cir. 1999). Indeed, the facts here are perilously akin to permitting the police to randomly stop a citizen and search their home if consent can be gained.

The finding that the defendant's detention exceeded the permissible scope of a *Terry*-stop does not end the inquiry. Our supreme court adopted the "fruit of the poisonous tree" analysis in determining whether or not a statement obtained during an illegal detention must be suppressed, *i.e.*, whether the statement was obtained by exploitation of the Fourth Amendment illegality. *State v. Huddleston*, 924 S.W.2d 666, 674 (Tenn. 1996) (citing *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S. Ct. 407, 417 (1963)). In this case, no *Miranda* warnings were provided to the defendant

prior to her arrival at the motel room, and the consent by the defendant immediately followed the illegal seizure. Additionally, the officer never advised the defendant that she was free to go. Lastly, in consideration of the flagrancy of the official conduct, I would note that the officer was a drug agent with the major crimes unit. The record reflects that the investigation of the improper turn violation, which occurred at approximately 12:15 a.m., resulted in three additional officers being dispatched to the scene prior to any search of the vehicle. Moreover, as previously noted, the search of the defendant's motel room was nothing more than a fishing expedition. The above facts weigh against a finding of attenuation. *Garcia*, 123 S.W.3d at 346-48. Finding that the defendant's detention constituted a *de facto* arrest at the time consent was given, I find the search to be unreasonable under Fourth Amendment protections and would suppress the evidence.

_____
DAVID G. HAYES, JUDGE